IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON E LEWIS                                                                                                       PLAINTIFF

v.                                          Civil No. 4:21-cv-04093

DETECTIVE JOHN BEASLEY, Miller County Sheriff's
Department; PAROLE OFFICER ROSS, Arkansas
Community Correction; DOE, 911 Operator Miller
County Sheriff's Department; and JAMES DANSBY, JR,
Deputy Sheriff, Miller County                                                                        DEFENDANTS

**ORDER**

Plaintiff Don E Lewis filed this 42 U.S.C. § 1983 action *pro se* on December 3, 2021, in the Eastern District of Arkansas. (ECF No. 2). On December 7, 2021, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). On December 10, 2021, the Court entered an order granting Plaintiff's *in forma pauperis* application. (ECF No. 6). This order informed Plaintiff of his obligation to notify the Court of any change of address within thirty days of his release from incarceration or transfer to another facility. (ECF No. 6). That same day the Court ordered Plaintiff to file an Amended Complaint to clarify his claims. (ECF No. 7).

Plaintiff filed an Amended Complaint on January 7, 2022. (ECF No. 9). On January 18, 2022, mail sent to Plaintiff at his address of record was returned as undeliverable indicating "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 10). Currently before the Court is Plaintiff's failure to keep the Court informed of his address.[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

---

[1] On January 27, 2022, mail sent to Plaintiff at his address of record was also returned as undeliverable. (ECF No. 11).

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that Plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge